**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 10 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10322 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00085-JAD |
| v. | |
| CRUZ ALBERT LAFARGA, AKA Albert Lafarga-Cruz, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted April 7, 2015 [**]

Before:    FISHER, TALLMAN, and NGUYEN, Circuit Judges.

Cruz Albert Lafarga appeals from the district court's judgment and

challenges the 126-month sentence imposed following his guilty-plea conviction

for conspiracy to distribute methamphetamine, possession with intent to distribute

methamphetamine, and distribution of methamphetamine in violation of 21 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

§§ 841(a)(1), 841(b)(1)(A), and 846; and being an illegal alien in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lafarga asserts that the district court's sentence of 126 months is substantively unreasonable in light of his strong family support and lack of criminal history. To determine whether a sentence is substantively unreasonable, we consider the 18 U.S.C. § 3553(a) factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007). We review for abuse of discretion and "will provide relief only in rare cases." *United States v. Ressam*, 679 F.3d 1069, 1086, 1088 (9th Cir. 2012) (en banc).

This is not the rare case where relief is appropriate. The district court fully considered the mitigating factors urged by Lafarga in determining the appropriate sentence. Indeed, the district court granted Lafarga a 25-month downward variance based on those circumstances. The below-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**